UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEFTALI T. BLISS, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-12-2254 |
| UNITED STATES, et al., | : (Judge Kosik) |
| Defendants | : |

FILED
SCRANTON
NOV 21 2014
PER _____ DEPUTY CLERK

**MEMORANDUM**

## I. BACKGROUND

Plaintiff, Neftali T. Bliss, files this complaint pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b). In the complaint, Plaintiff names the United States of America, the Bureau of Prisons and numerous BOP employees and officials. He asserts a myriad of claims occurring over the span of two (2) years regarding separate incidents and defendants. On September 8, 2014, the court addressed motions to dismiss and for summary judgment filed by two groups of Defendants in this matter. The court found that the complaint was in violation of Fed. R. Civ. P. 20 and that Plaintiff's general assertion of a conspiracy to tie all of the claims together was conclusory and lacking details supporting such an inference. (Doc. 73.) As such, Defendants' motions were granted only to the extent that

Plaintiff was afforded twenty (20) days within which to file an amended complaint in this matter. (Docs. 73, 74.) In the court's Memorandum, Plaintiff was provided with specific instructions as to how to prepare his amended complaint.

Instead of submitting his amended complaint within the time prescribed for doing so, Plaintiff filed a motion to appoint counsel (Doc. 75) and a motion for extension of time within which to submit an amended complaint (Doc. 76). The court will now address these pending motions.

## II. DISCUSSION

Plaintiff has previously filed three (3) motions seeking the appointment of counsel in this matter. On March 31, 2014, his requests for counsel were denied. (Doc. 46.) The court found that the pleadings submitted by Plaintiff in this case were clearly written and cited to pertinent legal authority. Plaintiff displayed his ability to litigate this action on his own in that, although incarcerated, he was clearly literate and had access to the court. He now files a fourth motion seeking the appointment of counsel in light of the court's directive that he submit an amended complaint in this matter. He states that an attorney who is experienced and knowledgeable will be better able to comply with the court's order and submit an amended complaint.

Without unnecessary elaboration and for the reasons set forth in the court's denial of Plaintiff's earlier motions for counsel, his pending motion will also be denied. Although it is true that Plaintiff is certainly limited by his imprisonment, his

filings demonstrate that he is literate and able to comprehend the instructions provided by the court with respect to drafting an amended complaint in this matter. The court's Memorandum and Order are self-explanatory, and Plaintiff is in possession of the facts necessary to draft his amended complaint in compliance with the court's directions. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or pursuant to a properly filed motion.

Plaintiff has also filed a motion seeking an extension of time within which to submit his amended complaint (Doc. 76.) He states that he is confined in the RHU unit and is segregated from his legal materials. He has been subjected to several transfers. As such, his request for an extension of time will be granted. It may also be that he is now in possession of his legal materials. Plaintiff is reminded that his amended complaint must be in compliance with the court's Memorandum and Order of September 8, 2014, and that the failure to file a timely amended complaint may result in the dismissal of this action. An appropriate order follows.