**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEFTALI BLISS, | : | Civil No. 3:12-CV-2254 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| UNITED STATES, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This lawsuit began more than three years ago.  During the past three years we have strived to secure a legally sufficient complaint from the Plaintiff.  Much of the prolonged delay in accomplishing this simple task has been directly attributable to the Plaintiff, who consistently fails to meet court deadlines, or reply to defense motions challenging the legal sufficiency of his pleadings.  This course of conduct has in the past led to dismissal of claims and parties due to the Plaintiff's failure to prosecute this case.

The case now comes before the court on a second amended complaint filed by Bliss on October 22, 2015.  The Defendants moved to strike this pleading, noting that Bliss had failed to follow our instructions regarding what his amended complaint must

contain to survive dismissal. (Doc. 105.) That motion to strike has been pending for two months without the slightest response from Bliss. Given this latest episode of wholly unaccountable inaction by Bliss it is now recommended that this action be dismissed with prejudice.

This *pro se* civil rights action was initially brought by the Plaintiff, a federal prisoner, through the filing of a complaint on November 13, 2012. (Doc. 1). As a *pro se* litigant the Plaintiff was advised by this court at this outset of this lawsuit of his responsibilities in this litigation. Thus, on November 14, 2012, the district court entered its Standing Practice Order in this case, an order which informed the Plaintiff of his responsibility to reply to defense motions, and warned him in clear and precise terms of the consequences which would flow from a failure to comply with briefing schedules on motions, stating:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 2, p. 3.)

On September 20, 2013, the Defendants filed Motions to Dismiss and for Summary Judgment with respect to this initial complaint. (Docs. 20-21.) On

September 24, 2013, Bliss then attempted to file a supplemental complaint. (Doc. 24.) Because the complaint did not stand on its own and was replete with numerous unrelated allegations, Defendants filed a Motion to Strike the supplemental complaint. (Doc. 25.)  The court granted this motion to strike on March 31, 2014.  (Doc. 46.) Defendants then filed briefs in support of their motions to dismiss and for summary judgment with regard to Bliss' initial complaint on April 14, 2014. (Docs. 49, 51.) On September  8, 2014, the court granted Defendants' motion to the extent that the Plaintiff was directed to file an amended complaint in order to comply with Fed. R. Civ. P. 20 regarding proper joinder. (Doc. 74.)  After several delays, on February 10, 2015, Bliss filed an amended complaint. (Doc. 82.)  Fourteen days later, on February 24, 2015, Defendants then renewed their motions to dismiss or for summary judgment. (Docs. 84-85.)

On March 10, 2015, Bliss sought an extension of time in which to respond to these dispositive motions, (Doc. 92.), which was granted by the court on March 30, 2015. (Doc. 93.)  Under the terms of this order Bliss was provided an additional 30 days in which to respond to these motions, a deadline which lapsed at the end of April, 2015.  Bliss has never responded to these motions, and the extended deadline for a response passed without any action on Bliss' part.  Instead, Bliss tacitly acknowledged

the persistent flaws in his pleadings by seeking, and receiving, leave to further amend

his complaint.  (Docs. 96 and 98.)

Given Bliss' complete failure to respond to these motions, we recommended

that Bliss' amended complaint be dismissed for failure to prosecute, (Doc. 100.), a

recommendation which the district court adopted.  (Doc. 102.)  However, we also

granted Bliss leave to file a second amended complaint, (Doc. 98.), and provided Bliss

with the following explicit guidance regarding the contents of any amended complaint:

> We instruct the plaintiff that this "amended complaint must be complete
> in all respects.  It must be a new pleading which stands by itself as an
> adequate complaint without reference to the complaint already filed."
> Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  See e.g.,
> Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012);
> Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL
> 2456624 (M.D. Pa. June 16, 2011).   Therefore, in amending this
> complaint, the plaintiff's amended complaint must recite factual
> allegations which are sufficient to raise the plaintiff's claimed right to
> relief beyond the level of mere speculation, contain "a short and plain
> statement of the claim showing that the pleader is entitled to relief," Fed.
> R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct,"
> Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs
> describing the date and time of the events alleged, and identifying
> wherever possible the participants in the acts about which the plaintiff
> complains. This complaint must be a new pleading which stands by itself
> as an adequate complaint without reference to any other pleading already
> filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The
> complaint should set forth plaintiff's claims in short, concise and plain
> statements, and in sequentially numbered paragraphs.  It should name
> proper defendants, specify the offending actions taken by a particular
> defendant, be signed, and indicate the nature of the relief sought.
> Further, the claims set forth in the complaint should arise out of the same

– 4 –

transaction, occurrence, or series of transactions or occurrences, and they
should contain a question of law or fact common to all defendants. The
Court further places the plaintiff on notice that failure to comply with this
direction may result in the dismissal of this action pursuant to Rule 41 of
the Federal Rules of Civil Procedure.

(Doc. 98.)

On October 22, 2015, Bliss filed a proposed second amended complaint in this

action. (Doc. 103.) That pleading did not comply with our order in a number of

material respects. In particular, the second amended complaint still did not identify

the defendants Bliss wishes to sue with any clarity. It also was not a freestanding

document that incorporated all of the allegations Bliss wishes to pursue. The failure

to intelligibly list Defendants and actions which those Defendants were alleged to

have taken has been a recurring theme and failing in Bliss' pleadings, and that failing

has not yet been corrected by Bliss in this, his latest, proposed amended complaint.

Citing these shortcomings, on November 5, 2015, the Defendants moved to

strike Bliss second amended complaint. (Doc. 105.) Two months have now passed

and Bliss has taken no action to respond to this motion. Given this continued inaction,

we will deem this motion ripe for resolution. For the reasons set forth below, we

recommend that the motion to strike (Doc. 105.) be granted.

## II.    Discussion

### A.   Under The Rules of This Court This Motion to Strike Should Be Deemed Unopposed and Granted

At the outset, under the Local Rules of this Court the Plaintiff should be deemed to concur in this motion to strike, since the Plaintiff has failed to timely oppose the motion, or otherwise litigate this case.  This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the Rules of this Court warrants dismissal of the action, since  Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*  Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.  A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'  Stackhouse v.

<u>Mazurkiewicz</u>, 951 F.2d 29, 30 (1991)." <u>Williams v. Lebanon Farms Disposal, Inc.</u>, No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  In this case the Plaintiff has not complied with the Local Rules, or this Court's Standing Practice Order, by filing a timely response to this motion.  Therefore, these procedural defaults by the Plaintiff compel the Court to consider:

> [A] basic truth:  we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice.  *See* Fed.R.Civ.P. 1.  Often that will mean that courts should strive to resolve cases on their merits whenever possible.  However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157 F.3d 191, 197 (3d Cir.1998).

<u>Lease v. Fishel</u>, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system.  A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice:  'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." <u>Id.</u>  Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

–7–

These basic tenets of fairness apply here.  In this case, the Plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this motion to strike. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the Plaintiff to not oppose the motion.

## B.   Dismissal of this Case Is Also Warranted Under Rule 41

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted).  That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors.  As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad

faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a district court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008))  Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a district court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus, 538 F.3d at 263.  Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263.  Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction.  See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir.

2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action.  At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the plaintiff, who has failed to abide by court orders, and has otherwise neglected to litigate this case, or respond to defense motions.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action.  Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration.  As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted).  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988).  It also includes "the burden imposed by impeding a party's

ability to prepare effectively a full and complete trial strategy." <u>Ware</u>,
322 F.3d at 222.

<u>Briscoe  v. Klaus</u>, 538 F.3d at 259-60.

In this case the Plaintiff's failure to litigate this claim or comply with court
orders now wholly frustrates and delays the resolution of this action.   In such
instances, the Defendants are plainly prejudiced by the Plaintiff's continuing inaction
and dismissal of the case clearly rests in the discretion of the trial judge.  <u>Tillio v.
Mendelsohn</u>, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings
compels dismissal); <u>Reshard v. Lankenau Hospital</u>, 256 F. App'x 506  (3d Cir. 2007)
(failure to comply with discovery compels dismissal); <u>Azubuko v. Bell National
Organization</u>, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint
prejudices defense and compels dismissal).

When one considers the third <u>Poulis</u> factor-the history of dilatoriness on the
Plaintiff's part–it becomes clear that dismissal of this action is now appropriate.  In
this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes
a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness
in complying with court orders.' <u>Adams,</u> 29 F.3d at 874." <u>Briscoe v. Klaus,</u> 538 F.3d
at 260-61 (some citations omitted).  Here, the Plaintiff has ignored and failed to
respond to a motion to strike for the past two months.  The Plaintiff has also repeatedly

failed to timely file pleadings, and has not complied with the Standing Practice Order of the Court.  Thus, the Plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff in this case.  In this setting we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence.  Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994).  At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, and has violated the Local Rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative.  See, e.g.,

Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion.  In any event, by entering our prior orders, and counseling the Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail.  The Plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims.  In our view, however, consideration of this factor cannot save this particular Plaintiff's claims, since the Plaintiff is now wholly non-compliant with his obligations as a litigant.  The Plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him.  Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263.  Therefore, the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent imposition of sanctions.

In any event, Bliss' persistent failure to clearly identify who he is attempting to sue and what these Defendants are alleged to have done warrants dismissal of this complaint.  After three years of litigation, Bliss has belatedly filed a second amended complaint, but that complaint does not identify Defendants in an intelligible way, or clearly describe who is alleged to have harmed the Plaintiff.  This is a material shortcoming since the complaint's failure to allege who the Defendants may be in this lawsuit constitutes a failure to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v.

Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.

1 (5th Cir.2005).

Dismissal is also proper when a complaint "left the Defendants having to guess

what of the many things discussed constituted [a cause of action];"  Binsack v.

Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint

is so "rambling and unclear" as to defy response.  Tillio v. Spiess, 441 F.App'x 109

(3d Cir. 2011).  Similarly, dismissal is appropriate in " 'those cases in which the

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true

substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83, 86 (2d

Cir.1995) (quotations omitted)."  Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir.

2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012).  Finally, a

complaint may be dismissed if it completely fails to identify allegedly culpable parties

or recite when the events alleged occurred.  Evancho v. Fisher, 423 F.3d 347, 354 (3d

Cir. 2005).

In this case, Bliss still has not identified who he is endeavoring to sue with any

clarity, a basic prerequisite for any lawsuit.  Bliss' failure to identify defendants or

describe who is alleged to have harmed the Plaintiff after three years of litigation

leaves:  "the Defendants having to guess what of the many things discussed

constituted [a cause of action and who is a Defendant.]"  Binsack v. Lackawanna

<u>County Prison</u>, 438 F. App'x 158 (3d Cir. 2011).  In such instances dismissal of the second amended complaint is now warranted.

In short, after three years of litigation which have not yet yielded a complaint which clearly identifies Defendants and claims, we are compelled to conclude that an analysis of the <u>Poulis</u> factors calls for the striking and dismissal of this second amended complaint.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendants' Motion to Strike, (Doc. 105.), which has not been opposed by the Plaintiff, be GRANTED, the Plaintiff's Second Amended Complaint (Doc. 103.), be stricken, and this case dismissed for want of prosecution.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of January 2016.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge